**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOYCE E. BEERY,

      Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent.

No. 98-9006
Appeal from U.S. Tax Court
(T.C. No. 8802-96)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

Petitioner Joyce E. Beery, proceeding pro se, seeks review of a decision by

the Tax Court against her for income tax deficiencies in taxable years 1992, 1993,

and 1994. [1] Our jurisdiction over this appeal arises from 26 U.S.C. § 7482(a). We

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

(continued...)

review factual issues for clear error, and legal questions, including the grant of summary judgment, de novo.   See Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir. 1997);   NCAA v. Commissioner, 914 F.2d 1417, 1420 (10th Cir. 1990).

Petitioner and her husband commenced this action in 1996, challenging respondent's notice of deficiencies for taxable years 1992 through 1994. The Tax Court granted respondent's motion for summary judgment on liability for the deficiencies based on the Tax Court's ruling against the Beerys in an earlier action, but set for trial the accuracy-related penalties assessed against the Beerys. At trial, Mr. Beery filed a motion for reconsideration from the court's summary judgment ruling. The Beerys prevailed on the penalties, but the Tax Court denied the motion for reconsideration. Respondent subsequently notified the Tax Court that Mr. Beery had been in Chapter 7 bankruptcy during the entire pendency of the proceedings, and moved for his dismissal based on a lack of jurisdiction resulting from the automatic stay. The court agreed that it lacked jurisdiction and granted the motion, but noted that the summary judgment ruling was valid as against Mrs. Beery.

[1](...continued)

-2-

On appeal, petitioner argues that the Tax Court's decision in the earlier case is not final due to her husband's subsequent bankruptcy and therefore cannot be a proper basis for summary judgment against her in this case; the issue from the earlier case is not identical to the arguments in this case; and the Tax Court's dismissal of her husband from the case deprived her of the ability to make her own arguments or present an innocent spouse defense. After careful review of the record on appeal together with the parties' briefs and after consideration of the applicable law, we conclude that the Tax Court's decision was correct and is valid against petitioner. The decision of the United States Tax Court, dated December 18, 1997, is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge